IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **LEEBCOR SERVICES, LLC** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| **UFG INSURANCE** ) | |
| **d/b/a UNITED FIRE AND CASUALTY** ) | |
| ) | |
| *Defendant*. | |

## COMPLAINT

COMES NOW Plaintiff Leebcor Services, LLC, ("Leebcor") and files this Complaint against Defendant UFG Insurance d/b/a/ United Fire and Casualty ("UFG").

### Parties

1. Plaintiff Leebcor is a Virginia limited liability company with its principal place of business at 430 McLaws Circle, Williamsburg, Virginia 23185.

2. Defendant UFG is an insurance company organized and existing under the laws of Iowa with its principal place of business located in Cedar Rapids, Iowa.

### Jurisdiction and Venue

3. This Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, as this action is between two diverse parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over the parties pursuant to Virginia law (Va. Code § 8.01-328.1).

5. Venue is proper in the Newport News Division of the United States District Court for the Eastern District of Virginia (Va. Code § 8.01-262 (10)).

6. Venue is also proper in this District based on a forum selection clause duly agreed and executed between Leebcor and UFG's Principal Hamilton Roofing, Inc. ("Hamilton") in the Subcontract set forth herein in which all disputes arising from the contract between the parties must be brought in the federal or state courts of Leebcor's principal place of business. UFG is bound to the terms of the Subcontract agreed to by its Principal.

## Factual Background

7. This action relates to a construction project known as "Fire Crash Rescue Station at Patrick Air Force Base, Florida," Project No. W91278-16-D-0033-0001 with the Army Corps of Engineers ("USACE") ("Project"). Leebcor was the Project's General Contractor. The Project required a new roof to be constructed on the Rescue Station.

8. As the General Contractor, Leebcor solicited bids for various subcontractor work.

9. On January 9, 2018, Leebcor and Hamilton entered into a Subcontract (2016-04-006) ("Subcontract") to provide labor, equipment, materials and supervision for roofing services. The parties agreed to a firm, fixed-price of $415,678.63. A copy of the Subcontract is attached hereto at **Exhibit A**.

### Important Subcontract Terms

10. As required by the Subcontract, UFG issued a performance bond related to Hamilton's work on the Project, with Hamilton as principal and UFG as surety under the bond. Bond number 54-220682 was issued by UFG.

11. The Subcontract contained numerous important provisions, including a Statement of Work that had specific timelines regarding roof installation, and stated that Hamilton shall provide a "complete and functional building, to include all exterior improvements, in accordance

with the design intent of the Contract Documents and Specifications for the Scope of Work of this Subcontract." Subcontract, Statement of Work, ¶ A.

12. The Subcontract's Warranty and Defective Work Cure section stated that if work failed to conform to specifications or is otherwise defective or inadequate, "[s]eller shall, at Buyer's sold option, promptly replace, correct or re-perform same promptly and at Seller's expense." Furthermore, the Subcontract stated that "[i]n the event that Buyer must re-perform or procure Work that has been deemed by Buyer as inadequate or insufficient, Seller shall incur all expenses if such re-performance or procurement." *Id*. at ¶ 8.

13. The Default provision in the Subcontract states that in the event of a default, Leebcor may "complete or produce the completion of the performance of the Work at Seller's expense." *Id*. at ¶ 12.

14. The Disputes provision in the Subcontract states that "[i]f a decision relating to the Prime Contract is made by the Buyer's Client and such decision is also related to this Agreement, said decision, if binding upon Buyer under the Prime Contract, shall in turn be binding upon Seller with respect to such matter." *Id*. at ¶ 14.

15. The Subcontract also required that Hamilton "comply with all standard associated final acceptance testing." *Id*. at Exhibit 1, (c)(11).

**Hamilton's Deficient Subcontract Performance**

16. The roof was installed by Hamilton in July 2019. The roof leaked. The USACE complained about the roof's installation, and requested that all installation defects be repaired.

17. Beginning in August 2019, Leebcor wrote Hamilton multiple times asking it to evaluate and correct the defects in its work. Despite Hamilton's express acknowledgement of

roof leaks occurring "throughout the facility," Hamilton's repeated efforts to correct its own mistakes failed. This caused critical path delays on the Project.

18. Hamilton made more than five attempts to correct its mistakes from August 2019 to March 2020. USACE halted these attempts in approximately late March 2020 when USACE decided that Hamilton's repair efforts be put on hold to determine the next course of action.

19. Leebcor asked USACE to provide Hamilton with yet another opportunity to repair the leaks. However, on May 12, 2020, by Serial Letter C-0033, the USACE Mobile Contracting officer demanded that Leebcor replace the tile portion of the roof defectively installed by Hamilton.

20. Hamilton alleged a design defect, not its installation, was the cause of the leaks despite the fact that the design was in accordance with Federal Unified Facilities Criteria ("UFC") design guidelines.

21. Furthermore, Hamilton agreed to the roof design in their original executed subcontract and later in a March 22, 2018 Contract Amendment Letter, Hamilton once again agreed to the roof design in the issued for construction ("IFC") complete design build-out package dated March 7, 2018 and did not raise any issues at that time concerning any alleged design defects.

22. Three different roofing experts examined the roof and determined there was no design defect, only installation errors. For example, the government's third-party expert, A/R/C/ Associates, reviewed the roof and two separate third-party expert reports and concluded: "In summary, we believe the design to be adequate. The leaks that resulted are based on certain installation techniques resulting in the presented roofing deficiencies."

23. Therefore, on August 5, 2020, Leebcor sent a notice of claim to Hamilton and UFG under Hamilton's performance bond issued by UFG for all costs, expenses and delays associated with the repair and replacement of the roof for the Project and Hamilton's critical path delays.

24. After receiving this notice, Hamilton made efforts to replace the roof. The roof was substantially completed in approximately late November 2020.

25. On November 24, 2020, the USACE issued Serial Letter C-0039 regarding further leak concerns and requesting a water test procedure plan to test the roof before the government would accept it. In this Serial Letter C-0039, USACE put Leebcor on official cure notice that if the leaks and roof test were not completed per their directive, Leebcor would be subject to termination and further penalties. Leebcor passed this directive to Hamilton for their compliance per their executed subcontract agreement.

26. Hamilton initially assisted Leebcor in the preparation of a water test procedure plan, but then ceased participation in the procedure plan. Leebcor provided the water test procedure plan to the USACE on December 4, 2020. The test was scheduled for December 15, 2020.

27. On December 11, 2020, Hamilton agreed to participate in the water test "under protest." Then Hamilton changed course last minute on December 14, 2020 and stated that it would not participate in the water testing or participate in the final quality control inspection and correction process. Hamilton did not provide any explanation for its change in position.

28. Leebcor issued a Default Notice on December 15, 2020 to Hamilton and UFG, stating that if Hamilton did not agree to participate in the water testing and conduct any necessary repairs within 24 hours it would be subject to termination. The Default Notice further stated that Leebcor will "pursue other roofing contractors at HRI's expense to complete the testing and any

5

needed repairs." Leebcor also requested that Hamilton not "abandon this project on any more occasions until the roof is accepted by USACE."

29. On December 17, 2020 Hamilton responded to the Notice of Default and did not agree to remedy the issued noted in the Notice. Thus, Leebcor terminated Hamilton for cause on December 21, 2020.

30. The termination noted, among other things, the initial defective roof installation and resulting critical path delays, Hamilton's failure to participate in the water testing and quality control inspection and correction process, and also noted twelve quality control deficiencies found while inspecting the roof in December 2020, including six punctured or cut holes in the roof underlayment, three specific areas where the roof underlayment was not installed properly, and three areas with cracked or broken roof tiles. These deficiencies would all allow water penetration and were in areas that have shown water leaks.

31. Due to Hamilton's failure to participate in the water test and finish the Project, Leebcor hired a different company to complete the water test procedure and make any required repairs to the roof to complete the Project. This caused Leebcor to incur additional costs, approximately $60,000.00, in conjunction with the approximately $250,000.00 Leebcor incurred to oversee Hamilton's corrective work.

32. Hamilton was paid approximately $450,000 for the faulty roof.

33. Pursuant to the terms of the Subcontract, Leebcor is permitted to assess against Hamilton (and UFG as surety) all costs resulting from the termination, including the cost of the replacement contractor regarding the water test and any work required as a result of the water test to complete the Project. Furthermore, pursuant to the Subcontract, Leebcor is entitled to the

6

delay damages due to the initial defective roof installation and failure to remedy that defect for approximately 270 days, causing critical path delays.

## COUNT I – Breach of Contract – Payment Bond

34. Plaintiff incorporates the foregoing allegations of the Complaint as if fully set forth herein.

35. UFG provided the performance bond for the Project, which obligated UFG to ensure that its principal, Hamilton, performed under the Subcontract.

36. As set forth in detail herein and as adopted and incorporated, Hamilton failed to adequately perform under the Subcontract, causing critical path delays on the Project and forcing Leebcor to hire a new contractor to complete Hamilton's work.

37. Hamilton breached the Subcontract by, among other things: (a) installing a defective roof; (b) neglecting to timely make repairs when requested; (c) failing to participate in the water test procedure plan development; (d) failing to participate in the water test on December 15, 2020; (e) failing to complete the final quality control inspection and correction process, and (f) abandoning the Project prior to completion. All of these breaches were critical path delays on the Project.

38. Hamilton owed duties to Leebcor pursuant to the Subcontract to provide timely, proper, and complete work in accordance with the Subcontract.

39. Hamilton failed and defaulted in its obligations to Leebcor when its work was deficient and untimely, in breach/material breach of its Subcontract obligations as set forth herein. UFG and Hamilton were both notified of Hamilton's default.

40. Leebcor suffered damages as a result of Hamilton's breaches/material breaches of the Subcontract, which constitute default under the Subcontract, in the amount of $1,500,000.

41. UFG, as surety on the performance bond, is jointly and severally liable with Hamilton to pay Leebcor all costs and expenses incurred by Leebcor on the Project due to the actions and inactions of Hamilton in breach/material breach of the Subcontract.

42. UFG has failed to make payment in response to Leebcor's claim on the payment bond.

43. UFG's failure to make payments to Leebcor on its claim constitutes breach of the payment bond.

44. Leebcor has performed all conditions precedent to recovery on the performance bond.

WHEREFORE, Leebcor, respectfully requests that this Court enter judgment in favor of Leebcor and against Defendant UFG and award damages in the amount of $1,500,000, plus costs, and interest from the date of judgment, and grant such other and further relief as the Court deems necessary under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 24, 2021                            LEEBCOR SERVICES, LLC

/s/ Thomas A. Coulter
_____
Thomas A. Coulter (VSB No. 46532)
Brian Stolarz (VSB No. 88176)
Norton Rose Fulbright US LLP
799 9th Street, NW, Suite 1000
Washington, DC 20001-4501
P: 202-662-2000
F: 202-662-4643
tom.coulter@nortonrosefulbright.com
brian.stolarz@nortonrosefulbright.com

*Counsel for Plaintiff Leebcor Services, LLC*